FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TOMAS SERNA,

                Movant,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-4837 (SLT)

**TOWNES, United States District Judge:**

On March 19, 2009, Movant Tomas Serna was convicted, upon his plea of guilty, of two drug-related offenses and sentenced, as a career offender, to 262 months' imprisonment. In September 2012, more than two years after his judgment of conviction became final, Movant moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on a ground which Movant did not raise on direct appeal. For the reasons set forth below, the Court concludes that Movant's motion is time-barred, procedurally barred, and wholly without merit.

## *BACKGROUND*

The following facts are drawn from records maintained by this Court in *United States v. Serna*, 06-CR-714 (SLT), and are not in dispute. In an indictment filed in October 2006, Movant and two co-defendants, Eduardo Antonio Serna and Yaneth Quijanio, were charged with two offenses: (1) distributing and possessing with intent to distribute a controlled substance and (2) conspiracy to distribute and possess with intent to distribute a controlled substance. On April 16, 2007, about two months before his trial was set to begin, Movant pled guilty to both counts of the indictment. There was no plea agreement between the Government and Movant.

On July 23, 2007, the Probation Department issued a Presentence Investigation Report ("PSR") which concluded, *inter alia*, that Movant was a Career offender as defined in section 4B1.1(a) of the United States Sentencing Guidelines (the "Guidelines"). In reaching that conclusion, the Probation Department noted that Movant, who was 53 at the time he pled guilty to the drug offenses, had "at least two prior felony convictions for controlled substance offenses." PSR, p. 9. In fact, the PSR indicated that Movant had been arrested for, and convicted in the Supreme Court of the State of New York of, four controlled substance offenses, but sentenced only twice for those four offenses. Specifically, the PSR reported that Movant was arrested for Criminal Sale of a Controlled Substance in the Third Degree (a Class B felony) on February 11, 1988, and on January 28, 1989, before being sentenced to two concurrent terms of 54 months' imprisonment for those offenses on April 23, 1991. PSR pp. 10-12. Movant was also arrested for Criminal Sale of a Controlled Substance in the Third Degree on August 27, 1990, and on February 18, 1991; pled guilty to Attempted Criminal Sale of a Controlled Substance in the Third Degree (a Class C felony) with respect to each offense; and was sentenced to concurrent one-year terms of imprisonment for those two offenses on April 3, 1991. PSR pp. 12-13.

In November 2007, the CJA attorney who had represented Movant since his arraignment asked to be relieved on the ground that he was accepting a position with New York State. On December 14, 2007, the Court granted that request and assigned another CJA attorney, John S. Wallenstein, to Movant's case. About six weeks later, in late January 2008, Movant requested that Mr. Wallenstein be relieved as counsel. In a document entitled, "Notice to the Court of Change of Counsel," Movant alleged that Mr. Wallenstein had spent no more than 10 minutes with him, was unable to communicate with Movant because they spoke different languages, and

had not provided him with a Spanish translation of the PSR. Plaintiff withdrew his request at an appearance on February 13, 2008, but subsequently renewed it in letters dated March 13, 2008, and April 16, 2008. In two separate endorsed orders dated April 29, 2008, the Court denied the request for new counsel, noting that Movant's attorney was having the PSR translated. Mr. Wallenstein subsequently confirmed in a letter to the Court dated May 5, 2008, that the PSR had, in fact, been translated into Spanish and provided to Movant.

In mid-March 2009, Mr. Wallenstein filed a four-page Sentencing Memorandum on Movant's behalf. That memorandum conceded that the PSR was "technically correct in its calculation of the points attributable to the convictions." Sentencing Memorandum, p. 2. However, the Sentencing Memorandum noted that because the Guidelines were "advisory," the Court was "not bound by [the] calculation of Criminal History" set forth in the PSR, and was "free to sentence the defendant in a Criminal History category more consistent with [his] ... actual background ...." *Id.* The memorandum asserted that Movant had been a drug addict from 1988 through 1991, and argued:

> Rather than finding the applicable Guideline range to be Level 34, CHC VI (after adjustment for acceptance of responsibility), the appropriate range should be determined to be Level 29, CHC V, which yields a sentencing range of 140-175 months, rather than 262-327 as urged by the PSR. This is much more appropriate, more closely states the defendant's criminal history, and is close to the mandatory minimum of ten years, which we urge the Court to impose.

Sentencing Memorandum, p. 2.

The Court rejected this argument. At sentencing on March 19, 2009, the Court determined that Movant was a Career offender under the Guidelines and that Movant's

Guidelines sentencing range was 262 to 327 months' imprisonment. The Court then sentenced Serna to 262 months' imprisonment, the bottom of the Guidelines range.

Movant appealed his sentence, arguing that it "constitute[d] an abuse of discretion" on the part of the Court. *United States v. Serna*, 378 Fed. App'x 83, 84 (2d Cir. 2010) (summary order). On May 25, 2010, the Second Circuit affirmed the judgment of conviction, finding that the Court "committed no procedural error in sentencing defendant, and its decision to impose a sentence of 262 months' imprisonment was well within 'the range of permissible decisions.'" *Id.*, at 84-85 (quoting *United States v. Dorvee*, 604 F.3d 84, 90 (2d Cir. 2010)). Movant did not seek a writ of certiorari in the United States Supreme Court.

### *The Instant Motion*

In mid-September 2012, Movant commenced this action by filing a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). At the very beginning of the Motion, Movant concedes that the Motion was filed more than one year after his judgment of conviction became final. Movant argues that the Motion is nonetheless timely under 28 U.S.C. § 2255(f)(3) because it was brought "within one year of a newly recognized right cited in a Supreme Court ruling." Motion, p. 1. Movant asserts that *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399 (2012)—which was decided in March 2012, approximately six months before this action was commenced—recognized a new right by holding "that criminal defendants have a constitutional right to effective assistance of counsel which includes the pre-guilty or pre-trial stage of court proceedings." Motion, p. 1.

While the Motion alleges ineffective assistance of counsel, it principally alleges ineffective assistance at sentencing, rather than at the pre-trial stage. Movant argues that his

counsel failed to challenge the determination that Movant was a Career offender, as defined in section 4B1.1 of the Guidelines. Movant notes that two of his prior convictions were entered on the same day—April 23, 1991—and argues that these convictions should have been counted as a single offense for sentencing purposes. In support of this argument, Movant principally relies on *Buford v. United States*, 532 U.S. 59 (2001), asserting that this case "held [that] ... a sentencing judge must count as a single prior felony conviction all those prior offenses that are related to one another" and that "priors are related to one another when, inter alia, they were consolidated for sentencing." Motion, p. 6.

In a Memorandum in Opposition to the Petition filed on November 28, 2012 ("Government's Memo"), the Government raises three arguments. First, the Government argues that the Motion is time-barred because the Petition was filed more than two years after Movant's conviction became final and because "*Frye* did not create a new remedy for [Movant,] ... much less a remedy to be applied retroactively ...." Government's Memo, p. 10-11. Second, the Government argues that Movant's claims are procedurally barred because Movant's direct appeal addressed issues other than the sentencing issue raised in the Motion. Third, the Government argues that Movant's counsel did not err, much less provide ineffective assistance of counsel. The Government asserts that because it is clear from the face of the Motion that Movant is not entitled to relief, summary dismissal of this action is appropriate. Government's Memo, p. 18.

In his Response to the Government's Memorandum ("Movant's Response"), Movant addresses all three of these arguments. First, Movant asserts that *Frye* created a "new rule" which is applicable to his case. Movant acknowledges that *Frye* "does not specifically address Guideline enhancements or their applications," but argues that "it does specifically address ...

counsel's ineffectiveness during plea bargaining, which is the heart of the ... § 2255 Motion." Movant's Response, p. 5.

With respect to the Government's second argument, Movant notes that ineffective assistance of counsel can constitute "cause" for purposes of establishing cause and prejudice. Movant then notes that his Motion alleges ineffective assistance and implies that Mr. Wallenstein, who also represented plaintiff on appeal, provided ineffective assistance of appellate counsel by failing to raise on direct appeal the sentencing issue raised in the Motion. Movant also addresses the Government's third argument, arguing at length that his trial counsel provided ineffective assistance of counsel.

In addition to Movant's Response, Movant has filed two documents entitled "Supplemental Response to the Government's Memorandum in Opposition" ("Supplemental Response"). The second of the two—which was received by the Court on February 25, 2013, and docketed as Document 10—appears to be a typewritten copy of the first, a handwritten document which was received 20 days earlier and docketed as Document 8. Since the Movant states in the handwritten version that he lacked access to a typewriter and would subsequently submit a typewritten version, this Court assumes that the two versions are identical and cites only to the second, typewritten version: Document 10.

The Supplemental Response raises two points. First, Movant asserts that "the District Court abused its discretion in denying [his] ... repeated requests for new Counsel." Supplemental Response, p, 2. Second, Movant provides "additional evidence" that trial counsel was ineffective, asserting that trial counsel "took no steps whatsoever to have the ... Pre-sentence Report translated or read to [Movant] in Spanish," "spent very little time" with him, and wrote an

6

"extremely brief" sentencing memorandum. Supplemental Response, pp. 6-7. The Government has not responded to the Supplemental Response.

## *DISCUSSION*

### *Time Bar*

Subsection (f) of 28 U.S.C. § 2255 establishes a one-year period of limitations for motions brought pursuant to this section. The one-year period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Movant concedes that the instant Motion was brought more than one year after his judgment of conviction became final. He argues that the Motion is nonetheless timely because it was brought within a year of the United States Supreme Court's decision in *Frye*. According to Movant, the *Frye* Court recognized a new right by holding "that criminal defendants have a constitutional right to effective assistance of counsel which includes the pre-guilty or pre-trial stage of court proceedings." Motion, p. 1.

There are at least three problems with this argument. First, the Second Circuit has held that *Frye* did *not* announce "a new rule of constitutional law," but merely applied the rule set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Gallagher v. United States*, 711 F.3d 315, 315-16 (2d Cir. 2013) (*per curiam*). Second, the Second Circuit also noted in *Gallagher* that, "even if ... *Frye* did announce 'a new rule of constitutional law,' it was not 'made retroactive to cases on collateral review by the Supreme Court.'" *Id.* at 316. As the *Gallagher* Court stated, *Frye* does not any contain "express language as to retroactivity, and we have been unable to locate any subsequent decision giving either of them retroactive effect." *Id.*

Third, even if *Frye* had announced a new rule of constitutional law, and even had that newly recognized right been made retroactively applicable, Movant's argument does not rely on *Frye*. *Frye* addressed questions regarding defense counsel's duty to communicate plea offers and held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S.Ct. at 1408. The Movant, in contrast, principally alleges ineffective assistance at sentencing and on appeal, arguing that his counsel failed to challenge the Career offender enhancement on the ground that two of Movant's prior convictions were entered on the same day and, therefore, should be counted as a single offense for sentencing purposes. Movant does not rely on *Frye*, but principally relies on *Buford v. United States*, 532 U.S. 59 (2001), for the propositions that "a sentencing judge must count as a single prior felony conviction all those prior offenses that are related to one another" and that "priors are related to one another when, inter alia, they were consolidated for sentencing." Motion, p. 6.

For these reasons, the Court finds that Movant's argument that the one-year period of limitations did not begin to run until *Frye* was decided in March 2012 is without merit. Movant does not advance any arguments under 28 U.S.C. §§ 2255(f)(2) or 2255(f)(4), and concedes that his Motion is untimely under § 2255(f)(1). Accordingly, the Motion was not brought within the one-year period prescribed by § 2255(f) and is untimely.

To be sure, the one-year statute of limitations established by 28 U.S.C. § 2255(f) "is not a jurisdictional bar," and is subject to equitable tolling. *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). However, "[e]quitable tolling applies only in ... rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted). "[T]olling is appropriate only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (internal quotations and citations omitted). In this case, Movant has not requested equitable tolling, much less shown extraordinary circumstances that prevented him from bringing this Motion in a timely manner. Therefore, equitable tolling is not justified.

### *Procedural Bar*

Even if the Motion were not time-barred, it would be procedurally barred. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) (citing *Yick Man Mui v. United States*, 614 F.3d 50, 53-54 (2d Cir. 2010), and *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007)). Movant did not raise on direct appeal the sentencing issue which is raised in the Motion.

An exception to the procedural bar applies, however, if a movant can establish "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). If the failure to raise a claim of ineffective assistance of trial counsel at the earliest opportunity was itself caused by ineffective assistance, that ineffective assistance may constitute cause for the procedural default. *See Martinez v. Ryan*, --- U.S. ----, 132 S.Ct. 1309, 1315 (2012) (inadequate assistance of counsel which precluded a defendant from raising an ineffective assistance of trial counsel claim at his first opportunity may establish cause for the defendant's procedural default of a claim of ineffective assistance at trial).

In this case, Movant argues that Mr. Wallenstein provided ineffective assistance by failing to raise the sentencing issue which is the subject of the Motion at sentencing and on appeal. In order to establish ineffective assistance of counsel, Movant must show both that his attorney's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and a "reasonable probability" that, but for counsel's unprofessional errors, the result would have been different. *Id.* at 694. This two-part test "applies in the appellate context as well as at trial." *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). In the appellate context, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

In this case, Movant cannot establish ineffective assistance of counsel because the sentencing issue which his counsel failed to raise was not meritorious. Under the Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time

the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Guidelines § 4B1.1(a). The Guidelines further define the term "two prior felony convictions" to mean "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." Guidelines § 4B1.2(c).

Movant's argument is based on the mistaken belief that prior felony convictions are not counted separately if they were entered on the same date. To the contrary, § 4A1.2(a)(2) provides in pertinent part:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

In this case, Movant was sentenced for two controlled substance offenses on April 23, 1991. However, the PSR indicates that Movant was arrested for the first of these offenses on February 11, 1988, before committing the second offense on January 28, 1989. PSR, pp. 10-12. Accordingly, these two sentences must be counted separately, regardless of the fact that the two sentences were imposed on the same day. *See* Guidelines § 4A1.2(a)(2).

Similarly, while Movant was sentenced for two controlled substance offenses on April 3, 1991, the PSR indicates that Movant was arrested for the first of these offenses on August 27, 1990, then committed the second offense on February 18, 1991. PSR, pp. 12-13. These two sentences must also be counted separately.[1]

*Buford*—the 2001 Supreme Court case on which Movant principally relies—is not to the contrary. Although Movant quotes *Buford* accurately, that case does not *hold* that "a sentencing judge must count as a single prior felony conviction all those prior offenses that are related to one another" or that "priors are related to one another when, inter alia, they were consolidated for sentencing." Motion, p. 6. Rather, in making these statements, the Supreme Court was merely paraphrasing the provisions of the Guidelines and the commentary thereto. Indeed, note 3 of the commentary to § 4A1.1—the authority on which the *Buford* Court relied to support the proposition that "prior convictions are 'related' to one another when, *inter alia*, they 'were consolidated for ... sentencing,'" *Buford*, 532 U.S. at 61, is very similar to the current version of § 4A1.2(a)(2).[2]

---

[1] This Court further notes that, even if these convictions were not counted separately, Movant would still have two prior felony convictions for controlled substance offenses: one on April 3, 1991, and one on April 23, 1991.

[2] At the time *Buford* was decided, Guidelines § 4A1.2, comment., n. 3, read, in pertinent part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

12

Since the sentencing issue which Movant identifies in the Motion is without merit, counsel's failure to raise the issue did not constitute ineffective assistance. Although Movant's Supplemental Response alleges three other deficiencies in trial counsel's performance, those allegations do not make out ineffective assistance either. First, Mr. Wallenstein's letter to the Court dated May 5, 2008, represents that the PSR was ultimately translated and provided to Movant. Second, the Supplemental Response itself admits that trial counsel spent some time with Movant discussing the case and wrote a sentencing memorandum. Although Movant may have been dissatisfied with the frequency or length of the visits and the length of the sentencing memorandum, nothing in the Supplemental Response suggests that trial counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

*Amendment*

Movant's Supplemental Response raises another ground for relief which was not addressed in the Motion, asserting that "the District Court abused its discretion in denying [his] ... repeated requests for new Counsel." Supplemental Response, p. 2. To the extent that the Supplemental Response can be construed as incorporating a request to amend the Motion to add a new ground for relief, that request is denied. Since the Motion is time-barred, it would be futile to grant leave to amend it.

## CONCLUSION

For the reasons stated above, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Because Movant has not made a "substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: August 6, 2015
Brooklyn, New York